**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | | |
|---|---|---|
| **EILEEN LOWREY and ROBERT LOWREY,** | ) | |
| | ) | **Case No. 5:26-cv-823** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

NOW COME the Plaintiffs, EILEEN LOWREY and ROBERT LOWREY, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, BANK OF AMERICA, N.A., Plaintiffs state as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

## II. JURISDICTION & VENUE

1. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

3. EILEEN LOWREY and ROBERT LOWREY, (hereinafter, "Plaintiffs") are individuals who were at all relevant times residing in the City of Brooksville, County of Hernando, State of Florida.

4. At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1693a(6).

5. At all relevant times, Plaintiffs had an asset account in their name with Defendant (hereinafter, "Plaintiffs' BOA Account").

6. At all relevant times, Plaintiffs' BOA Account was established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

7. At all relevant times, Plaintiffs' BOA Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

8. BANK OF AMERICA, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida, Defendant is incorporated in the State of Florida.

9. At all relevant times, Defendant was a bank that held Plaintiffs' BOA Account.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

12. At all relevant times, Daryl's Intel, LLC received funds from Plaintiffs' BOA Account, which were transferred to Daryl's Intel LLC via an electronic terminal, telephonic instruction, or computer or magnetic tape after Daryl's Intel LLC instructed Defendant to transfer funds to Daryl's Intel LLC from Plaintiffs' BOA Account.

## IV. ALLEGATIONS

13. On or about June 29, 2026, Plaintiff, Eileen Lowrey fell victim to a virus attack on her personal computer.

14. On that date, at that time, Eileen was working on her computer, opening a new savings account with another bank and seeking to connect the new account to Plaintiffs' BOA Account, when her screen went black, the Microsoft logo appeared, and a message that advised Plaintiffs not to turn off their computer as updates were being installed.

15. While Plaintiff's screen was black with the aforesaid message, Plaintiff, Eileen Lowrey received a text message from Defendant that provided a transfer authentication code.

16. Plaintiff, Eileen Lowrey then noticed on her screen that the curser appeared to be moving around behind the black screen.

17. Plaintiff, Eileen Lowrey, then and there immediately powered off her computer.

18. On or about June 29, 2026, $6,100.00 was debited from Plaintiffs' BOA Account and transferred to Daryl's Intel, LLC.

19. On or about June 29, 2026, $30.00 was debited from Plaintiffs' BOA Account to cover a wire transfer fee.

20. Plaintiffs do not know and have no relationship with Daryl's Intel LLC.

21. Plaintiffs did not provide Daryl's Intel LLC with consent to debit funds from Plaintiffs' BOA Account on June 29, 2026.

22. Plaintiffs did not provide Defendant with consent for Daryl's Intel LLC to debit funds from Plaintiffs' BOA Account on June 29, 2026.

23. Prior to June 29, 2026, Plaintiffs were not aware that $6,130.00 was to be debited from Plaintiffs' BOA Account by Daryl's Intel LLC, as delineated above.

24. Even though the transfer was shown as a wire transfer on Plaintiffs' bank records, said transfer did not utilize Fedwire or any other similar wire transfer system that is used primarily for transfers between financial institutions or between businesses.

25. Upon information and belief, the Daryl's Intel LLC account is held by Defendant.

26. On June 29, 2026, Plaintiffs provided Defendant with notice that they disputed the debit of funds by Daryl's Intel LLC relative to Plaintiffs' BOA Account on June 29, 2026.

27. On June 29, 2026, Plaintiffs provided Defendant with information to allow Defendant to identify Plaintiffs' BOA Account, such as:

a. Plaintiffs' BOA Account number;

b. Plaintiffs' personal identifying information;

c. The name under which Plaintiffs' BOA Account was registered;

d. The date of the transaction which Plaintiffs disputed relative to Plaintiffs' BOA Account;

e. The amount of the transaction which Plaintiffs disputed relative to Plaintiffs' BOA Account; and,

28. On June 29, 2026, Plaintiffs provided Defendant with notice that an error was contained on the aforesaid monthly account relative to the debit of funds by Daryl's Intel LLC on June 29, 2026.

29. On June 29, 2026, Plaintiffs provided Defendant with notice that the debit of funds by Daryl's Intel LLC relative to Plaintiffs' BOA Account on June 29, 2026, was an unauthorized electronic transfer of funds from Plaintiffs' BOA Account to Daryl's Intel LLC.

30. On June 29, 2026, Plaintiffs informed Defendant that they did not provide Daryl's Intel LLC with consent to debit funds from Plaintiffs' BOA Account on June 29, 2026.

31. On June 29, 2026, Plaintiffs provided Defendant with notice of the circumstances as to why Plaintiffs believed the debit of funds by Daryl's Intel LLC on June 29, 2026, was carried out in error, such as:

a. Plaintiffs never authorized the debit of funds from Plaintiffs' BOA Account;

b. Plaintiffs never provided Daryl's Intel LLC with permission, consent or authority to debit funds from Plaintiffs' BOA Account;

c. Plaintiffs' computer was affected by a virus and/or hacked into;

d. Plaintiffs did not know or have any relationship with Daryl's Intel LLC.

32. To date, Defendant failed to conduct any investigation relative to the error complained of by Plaintiffs within ten (10) days of the receipt of Plaintiffs' dispute in violation of 15 U.S.C. §1693f(a).

33. On July 1, 2026, Defendant provided a response to Plaintiffs' dispute stating that the transaction in question was completed using a device that is consistent with previous valid account activity.

34. This statement is untrue as Plaintiffs have never wired or otherwise transferred funds to Daryl's Intel LLC prior to this date.

35. Prior to July 1, 2026, Defendant did not provide a provisional credit within 10 days of the receipt of Plaintiffs' dispute in violation of 15 U.S.C. §1693f(c) leaving Plaintiffs without the use of their funds while Defendant investigated the error.

36. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiffs' funds in violation of 15 U.S.C. §1693f(e)(1).

37. Defendant knowingly and willfully concluded that Plaintiffs' BOA Account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

38. Defendant violated the Electronic Funds Transfers Act by holding Plaintiffs liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into their account in violation of 15 U.S.C. §1693g(a).

39. Presently, Plaintiffs remain without the $6,130.00 debited by Daryl's Intel LLC from Plaintiffs' BOA Account.

40. Plaintiffs are neither legally responsible or obligated to pay the $6,130.00 debited by Daryl's Intel LLC from Plaintiffs' BOA Account.

41. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, EILEEN LOWREY and ROBERT LOWREY, by and through their attorneys, respectfully pray for an award to be entered in favor of Plaintiffs and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

c. Treble damages allowable under 15 U.S.C. §1693f(e);

d. Plaintiffs' attorneys' fees and costs; and,

e. Any other relief deemed appropriate by the Court.

## V. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**EILEEN LOWREY and**
**ROBERT LOWREY**

By: *s/ David M. Marco*
Attorney for Plaintiffs

Dated: November 4, 2026

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
**Telephone:** (312) 546-6539
**Facsimile**: (888) 418-1277
**E-Mail**: dmarco@smithmarco.com